**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TIMOTHY J. PAGLIARA,<br><br>               Plaintiff,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>               Defendant. | C.A. No. _____<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441(a), 1446**<br><br>(Removed from Court of Chancery of the State of Delaware, C.A. No. 12105-VCMR) |

Pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, Defendant Federal National Mortgage Association ("Fannie Mae") hereby removes this action brought by Plaintiff Timothy J. Pagliara ("Plaintiff") from the Delaware Court of Chancery, where the action is currently pending, to this Court on the basis of federal question jurisdiction. Fannie Mae states the following grounds for removal:

**PROCEDURAL HISTORY**

1. On March 14, 2016, Fannie Mae received a Verified Complaint (the "Complaint") with numerous exhibits, true and correct copies of which are attached hereto as Exhibit A.[1] The action was brought in the Delaware Court of Chancery, styled and captioned exactly as above, and assigned C.A. No. 12105-VCMR. The Complaint turns on significant federal issues that are necessarily raised, actually disputed, substantial, and capable of resolution in federal court

---

[1] Fannie Mae has not been served with the Complaint. Plaintiff represented to the Court of Chancery on March 17, 2016 that Plaintiff served Fannie Mae by serving The Company Corporation, a registered agent, on March 15, 2016. Fannie Mae does not have – nor is it required to have – a registered agent in the State of Delaware. 12 U.S.C. §1723a(a).

without disrupting the congressionally-approved balance of federal and state judicial responsibilities.

## BACKGROUND

2. Fannie Mae is a government sponsored enterprise, Congressionally-chartered to provide liquidity to the national housing finance market. 12 U.S.C. § 1716(1), (4).

3. The Federal Housing Finance Agency ("FHFA" or the "Agency"), is an independent agency created by Congress in the Housing and Economic Recovery Act of 2008 ("HERA"). Pursuant to HERA, in September 2008, the Director of FHFA placed Fannie Mae in conservatorship. (*See* Complaint ¶ 64.) Fannie Mae remains under FHFA conservatorship today.

4. As Conservator, FHFA "immediately succeed[ed] to . . . all rights, titles, powers, and privileges of [Fannie Mae], and of any stockholder, officer, or director of [Fannie Mae] with respect to [Fannie Mae and its] assets . . . ." 12 U.S.C. § 4617(b)(2)(A). Congress further vested FHFA as Conservator with broad powers to "operate" Fannie Mae, to "carry on [Fannie Mae's] business," and to exercise its conservatorship powers in the manner it "determines is in the best interests of [Fannie Mae] or the Agency." 12 U.S.C. § 4617(b)(2). In so doing, Congress expressly limited judicial actions that would "restrain or affect the exercise of powers or functions of the Agency as a conservator" to those actions authorized by Section 4617 or taken at the request of the Agency's Director. 12 U.S.C. § 4617(f). All other actions are expressly barred.

5. On January 19, 2016, Plaintiff's counsel sent a demand to inspect certain books and records to Fannie Mae for the purpose of investigating, *inter alia*, "FHFA's and/or Treasury's aiding and abetting breaches of fiduciary duty by directors and officers" of Fannie

2

Mae. (Complaint ¶ 159.) This demand was denied. (Complaint ¶ 162.) By this lawsuit, Plaintiff challenges that denial and seeks a Court order permitting inspection of these documents so Plaintiff can investigate and prosecute litigation with respect to alleged "misconduct" and violations of law by the Agency, the Department of Treasury, and others alleged in the Complaint. (*See* Complaint ¶¶ 164, 189-203, 204-205.)

## BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

6. Section 1441(a) of Title 28 of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. Section 1331 of Title 28 of the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. This action may be removed pursuant to 28 U.S.C. §§ 1331 and 1441(a) for several reasons.

9. Plaintiff seeks "to restrain or affect the exercise of powers or functions of the (Federal Housing Finance) Agency as a conservator," 12 U.S.C. 4617(f), through issuance of a judicial order under 8 *Del* C. § 220 that would, among other things, directly contravene a decision made by the Conservator (Complaint ¶ 162). A ruling in Plaintiff's favor would compel Fannie Mae to assemble and produce a massive volume of records to enable him to assess whether to initiate litigation against the Agency and others relating to Plaintiff's wide ranging allegations of mismanagement, waste, misconduct and violations of law. In order for this Court – or any court – to determine whether it has jurisdiction over this action or whether the exercise

of such jurisdiction would "restrain or affect the exercise of powers and functions of the [FHFA] as conservator," the court must interpret key provisions of HERA. Specifically, in enacting HERA, Congress mandated that except for relief granted at "the request of the Director," any action seeking to restrain or affect the Conservator must be authorized by 12 U.S.C. § 4617. Accordingly, any judicial action seeking relief not authorized by Section 4617, such as the present action seeking books and records, is expressly barred. *See* 12 U.S.C. § 4617(f).

10. In addition, under HERA, FHFA, as Conservator, "by operation of law, immediately succeeded to all rights, titles, powers, and privileges of . . . any stockholder . . . with respect to [Fannie Mae] and [its] assets . . . ." 28 U.S.C. § 4617(b)(2)(A)(i). This transfer of rights applies to Plaintiff's "rights," who, acting as shareholder, seeks to enforce rights vested by Congress in the Conservator pursuant to HERA.

11. HERA also grants FHFA as Conservator of Fannie Mae "all rights, titles, powers, and privileges" to the documents Plaintiff seeks. 28 U.S.C. § 4617(b)(2)(A)(ii).

12. That Plaintiff's claims arise under federal law is evident from the face of the Complaint. Plaintiff recognizes that he must show that Fannie Mae's stated basis for rejecting his demand for books and records was "wrong." (Complaint ¶ 162.) Plaintiff then proceeds to attempt to establish the wrongfulness of the rejection by contending that Fannie Mae's rejection was premised on a misapplication of federal law. This contention is sufficient in and of itself to establish federal jurisdiction over the Complaint.

13. Plaintiff's claim necessarily turns on the statutory interpretation of HERA and questions under it are central to this litigation. (Complaint ¶ 2.) Further, the federal issues are actually disputed because:

    a. Plaintiff purports to seek as relief an order that would compel compliance by Fannie Mae—while under FHFA Conservatorship—with Plaintiff's demand, and Plaintiff contends that HERA does not prevent him from obtaining such an order (Complaint ¶¶ 59, 212);

    b. Plaintiff contends that HERA did not modify Fannie Mae's Board of Directors' duties or obligations (Complaint ¶ 80);

    c. Plaintiff contends that FHFA has not succeeded under HERA to his supposed "direct" – as opposed to derivative – claim; and

    d. Plaintiff's complaint states that he is entitled under Delaware law to access documents for the purpose of investigating breach of fiduciary duty claims (*see* Complaint ¶¶ 9-16), but HERA precludes Plaintiff from establishing a proper purpose as required by state law because HERA has divested shareholders of any right to prosecute claims or take any other action with respect to Fannie Mae's operations during conservatorship.

Resolution of these legal issues bear directly on the interpretation of HERA, so the federal issues are substantial. Indeed, in actions filed by other shareholders of Fannie Mae, multiple federal courts (this district among them) currently are addressing the same federal law questions raised by the Complaint here, including the availability of any injunctive or equitable relief against Fannie Mae during conservatorship and HERA's preclusion of shareholders' claims during conservatorship. *Saxton v. FHFA*, No. 1:15-cv-00047 (N.D. Iowa May 28, 2015); *Jacobs v. FHFA*, No. 1:15-cv-00708 (D. Del. Aug. 17, 2015); *Robinson v. FHFA*, No. 7:15-cv-00109 (E.D. Ky. Oct. 23, 2015); *Roberts v. FHFA*, No. 1:16-cv-02107 (N.D. Ill. Feb. 10, 2016); *see*

5

*also Perry Capital LLC v. Lew*, 70 F. Supp. 3d 208 (D.D.C. 2014); *Cont'l W. Ins. Co. v. FHFA*, 83 F. Supp. 3d 828 (S.D. Iowa 2015).

14. Further, as the Complaint recognizes, "Fannie Mae is a federally chartered" entity. (Complaint ¶ 9); *see also* 12 U.S.C. §§ 1716, *et seq.* (the "Charter Act"). Accordingly, Fannie Mae's corporate governance practices have their foundation in federal, not state law. (Complaint ¶ 43 & Exhibit B, §1.05.) Specifically, Fannie Mae's corporate governance practices stem from a federal regulation, 12 C.F.R. § 1710.10, under which Fannie Mae opted "to the extent not inconsistent with the Charter Act and other Federal law, rules, and regulations, … to follow the applicable corporate governance practices and procedures of Delaware General Corporation Law …." (Complaint, Exhibit B § 1.05.) Thus, the question as to what rights, if any, a shareholder of Fannie Mae may exercise during conservatorship directly raises federal questions.

15. Finally, the exercise of federal jurisdiction over this case—like the other similar cases brought by Enterprise shareholders currently pending in federal court—is consonant with the federal-state judicial balance approved by Congress and will not disrupt Delaware's ability to enforce its state laws in accordance with its state judicial responsibilities. The federal issues raised by this case are unique to Fannie Mae, and can be resolved by the federal district court without construing or otherwise considering 8 *Del. C.* § 220. Fannie Mae is not a Delaware corporation and it is not subject to 8 *Del. C.* § 220. Instead, the law applicable to Fannie Mae's corporate governance policies and procedures is 12 C.F.R. § 1710.10. (Complaint ¶ 43.) Therefore, the district court's exercise of jurisdiction here will have no effect on the "normal currents of litigation" by shareholders of Delaware corporations. *Grable & Metal Prods. Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 319 (2005).

16. Thus, pursuant to 28 U.S.C. §§ 1331 and 1441(a), this state court action may be removed to Federal District Court.

## VENUE

17. Plaintiff's state court action was commenced in the Delaware Court of Chancery and, pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a), may be removed to this United States District Court for the District of Delaware, which embraces all of Delaware within its jurisdiction.

## REMOVAL IS TIMELY

18. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Fannie Mae was purportedly served on March 15, 2016, which is no more than thirty (30) days before the filing of this Notice of Removal.  For the reasons discussed herein, pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, this state court action may be removed to this Federal District Court.

19  Pursuant to 28 U.S.C. § 1446(a), a copy of "all process, pleadings, and orders [purportedly] served upon" Fannie Mae, other than the Complaint and exhibits attached at Exhibit A, is attached as Exhibit B.

20. Fannie Mae reserves the right to amend or Supplement this Notice of Removal.

21. By virtue of this Notice of Removal, Fannie Mae does not waive its right to assert any claims, defenses, or other motions permitted under the law or the Federal Rules of Civil Procedure.

7

**WHEREFORE**, Fannie Mae requests that this action be brought to this Court, and that this Court exercise its jurisdiction in the premises.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ S. Mark Hurd*
S. Mark Hurd (#3297)
Zi-Xiang Shen (#6072)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
shurd@mnat.com
  *Attorneys for Defendant*
  *Federal National Mortgage Association*

OF COUNSEL:

Jeffrey W. Kilduff
Michael Walsh
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006-4001
(202) 383-5300

March 25, 2016