**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TIMOTHY J. PAGLIARA,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Defendant. | Civil Action No.: 16-193-GMS |

# OPPOSITION OF PROPOSED SUBSTITUTE PLAINTIFF, THE FEDERAL HOUSING FINANCE AGENCY AS CONSERVATOR OF FANNIE MAE, TO PLAINTIFF'S MOTION TO REMAND


Howard N. Cayne
Asim Varma
David B. Bergman
ARNOLD & PORTER LLP
601 Massachusetts Avenue NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Howard.Cayne@aporter.com
Asim.Varma@aporter.com
David.Bergman@aporter.com

Robert J. Stearn, Jr. (DE Bar No. 2915)
Robert C. Maddox (DE Bar No. 5356)
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801
(302) 651-7700
stearn@rlf.com
maddox@rlf.com

*Attorneys for Federal Housing Finance Agency*


August 18, 2016

## TABLE OF CONTENTS


**Page**

TABLE OF AUTHORITIES ............................................................................................. ii

NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

SUMMARY OF THE ARGUMENT ............................................................................. 2

BACKGROUND ............................................................................................................ 3

ARGUMENT.................................................................................................................. 4

I. Plaintiff's Lack of Standing Also Presents A Threshold Issue of Jurisdiction, And There Is, In Any Event, No Requirement That The Court Address Subject Matter Jurisdiction First......................................................................................................... 4

II. In This Case, The Straightforward Question FHFA's Motion To Substitute Presents Should Be Decided First ..................................................................................... 7

III. Considerations Of Judicial Economy Counsel In Favor Of Resolving FHFA's Motion First ............................................................................................................ 10

CONCLUSION.............................................................................................................. 12

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Amchem Prods. Inc. v. Windsor*,
521 U.S. 591 (1997)....................6

*Campbell v. Sussex County Federal Credit Union*,
2011 WL 2532403 (D. Del. June 24, 2011)....................6

*Clouding IP, LLC v. Google Inc.*,
61 F.Supp.3d 421 (D. Del. 2014)....................5

*Coardes v. Chrysler Corp.*,
785 F. Supp. 480 (D. Del. 1992)....................6

*In re Facebook, Inc. IPO Derivative Litigation*,
797 F.3d 148 (2d Cir. 2015)....................7, 8, 9

*In re Fed. Home Loan Mortg. Corp. Deriv. Litig.*,
643 F. Supp. 2d 790 (E.D. Va. 2009), *aff'd sub nom. La. Mun. Police Emps. Ret. Sys. v. FHFA*, 434 Fed. App'x 188 (4th Cir. 2011)....................3, 10

*In re Fed. Nat'l Mortg. Ass'n Secs. Derivative & ERISA Litig.*,
629 F. Supp. 2d 1 (D.D.C. 2009)....................10

*Gail C. Sweeney Estate Marital Tr. v. U.S. Treasury Dep't*,
68 F. Supp. 3d 116 (D.D.C. 2014)....................10

*Galvan v. Fed. Prison Ind., Inc.*,
199 F.3d 461 (D.C. Cir. 1999)....................6

*Georgine v. Amchem Prods., Inc.*,
83 F.3d 610 (3d Cir. 1996), *aff'd sub nom Amchem Prods. Inc. v. Windsor*, 521 U.S. 591 (1997)....................8

*Hill v. Penn. Dep't of Corrections*,
521 F. App'x 39 (3d Cir. 2013)....................5

*Kellmer v. Raines*,
674 F.3d 848 (D.C. Cir. 2012)....................10

*Kowalski v. Tesmer*,
543 U.S. 125 (2004)....................6

*In re LimitNONE, LLC*,
551 F.3d 572 (7th Cir. 2008)....................9

*National Railroad Passenger Corp. v. National Association of Railroad Passengers*,
414 U.S. 453 (1974) .......... 9

*Ortiz v. Fibreboard Corp.*,
527 U.S. 815 (1999) .......... 6

*Potter v. Hughes*,
546 F.3d 1051 (9th Cir. 2008) .......... 7, 8

*Ruhrgas AG v. Marathon Oil Co.*,
526 U.S. 574 (1999) .......... 5, 8, 10, 11

*Sinochem International v. Malaysia International Shipping*,
549 U.S. 422 (2007) .......... 5, 6, 10

*Tenet v. Doe*,
544 U.S. 1 (2005) .......... 10

**Statutes**

8 Del. C. § 220 .......... 1

12 U.S.C. § 4617(b)(2)(A) .......... 1, 2, 11

12 U.S.C. § 4617(b)(2)(A)(i) .......... 4, 8

12 U.S.C. § 4617(b)(2)(B) .......... 4

12 U.S.C. § 4617(b)(2)(D) .......... 4

12 U.S.C. § 4617(f) .......... 4, 10

Housing and Economic Recovery Act of 2008, Pub. L. 110-289, 122 Stat. 2654 .......... 1

Plaintiff has moved to remand this action to state court in a baseless effort to delay an inevitable conclusion: In whatever venue his action proceeds, Plaintiff lacks standing to pursue the sole claim he purports to assert. That is because, as FHFA's earlier-filed motion to substitute for Plaintiff explains, Plaintiff's claim is founded exclusively on a shareholder "right" and "power" "with respect to [Fannie Mae]" that has been transferred, by operation of law, to FHFA as Fannie Mae's Conservator. 12 U.S.C. § 4617(b)(2)(A); *see also* FHFA Mot. to Substitute (D.I. 8, 9). Accordingly, only FHFA could have standing to pursue the claim Plaintiff purports to bring here, and granting FHFA's substitution motion would moot Plaintiff's instant effort to remand this case. The Court should therefore address FHFA's motion to substitute first, potentially obviating the need to reach any decision on the motion to remand.

## NATURE AND STAGE OF PROCEEDINGS

On March 14, 2016, Plaintiff, a shareholder of federally-chartered corporation Fannie Mae, filed suit in Delaware Chancery Court seeking an order requiring Fannie Mae to allow him to inspect its corporate books and records pursuant to 8 Del. C. § 220. On March 25, 2016, Fannie Mae removed the action to this Court on the basis of federal question jurisdiction. Following a stay of the proceedings to determine whether this case should be coordinated with several others for pretrial purposes, FHFA moved as Fannie Mae's Conservator to substitute itself for Plaintiff.

FHFA's motion to substitute is based on the Housing and Economic Recovery Act of 2008, Pub. L. 110-289, 122 Stat. 2654 ("HERA"), and that statute's provisions governing FHFA's conservatorship of Fannie Mae. In particular, HERA contains a succession provision that transfers to FHFA during the conservatorship "all rights" and "powers" of Fannie Mae's stockholders, including the power of a stockholder to inspect corporate books and records, which

is the sole power that Plaintiff purports to assert here. 12 U.S.C. § 4617(b)(2)(A). As FHFA's motion to substitute explains, operation of HERA's succession provision means that only FHFA—not Plaintiff—has standing to proceed with this matter. FHFA's motion to substitute was fully briefed on August 15, 2016.

Three days before his opposition to that motion was due, Plaintiff filed the instant motion to remand this case to state court. Ignoring the substantial federal issues embedded in his complaint, Plaintiff incorrectly argues that there is no federal subject matter jurisdiction here. For the reasons set forth in Fannie Mae's separate answering brief, federal question jurisdiction is present and Plaintiff's motion to remand is without merit.[1] However, by this answering brief, FHFA explains why the Court need not even address that issue. This case is easily, and appropriately, resolved at the threshold by deciding FHFA's motion to substitute first.

**SUMMARY OF THE ARGUMENT**

1. Plaintiff argues that the Court cannot resolve this case by addressing the threshold question of his standing that FHFA's motion to substitute raises. Plaintiff claims this is so because the "threshold [subject matter] jurisdiction[] issue that [his] Motion to Remand presents" must be decided first. Pls. Br. in Supp. of Mot. to Remand (D.I. 11) 2. Plaintiff is wrong for several reasons. First, if Plaintiff does not have standing, then he cannot move to remand. Plaintiff's lack of standing also presents a threshold jurisdictional issue, and one that logically should be decided before any decision as to remand. Second, even if the motion to substitute did not present a threshold question of *jurisdiction*, the Supreme Court has expressly and repeatedly disavowed Plaintiff's inflexible rule that subject matter jurisdiction must always be addressed

[1] For the reasons set forth in Fannie Mae's separate brief, Fannie Mae's removal of the Complaint was proper. *See* Fannie Mae Opp. to Remand. Regardless, judicial economy and the other considerations described herein favor decision of FHFA's motion to substitute first.

first. No unyielding hierarchy of potentially dispositive threshold inquiries requires courts to resolve subject matter jurisdiction in the first instance in all remand cases. Instead, where another non-merits consideration is presented, a court may properly address that issue, leaving subject matter jurisdiction undecided. Accordingly, the Court can address FHFA's motion to substitute at the outset.

2. Moreover, the Court *should* do so. Resolution of the motion to substitute requires only the straightforward application of HERA's express and unambiguous succession provision. It does not require the Court to address the merits of Plaintiff's allegations. Despite Plaintiff's misguided attempts to argue otherwise, FHFA has clearly succeeded to his asserted shareholder right to inspect Fannie Mae's books and records, divesting him of standing to proceed with this action: "[T]he plain meaning" of HERA's succession provision "is that ***all rights*** previously held by [Fannie Mae or] Freddie Mac's stockholders . . . now belong ***exclusively*** to the FHFA." *In re Fed. Home Loan Mortg. Corp. Deriv. Litig.*, 643 F. Supp. 2d 790, 795 (E.D. Va. 2009), *aff'd sub nom. La. Mun. Police Emps. Ret. Sys. v. FHFA*, 434 Fed. App'x 188 (4th Cir. 2011) (emphases added). In the interests of judicial economy and fairness, the Court should resolve in this federal forum the only question it needs to reach, so that FHFA—the only party with standing to enforce the shareholder right that Plaintiff purports to hold—may dismiss this action.

## BACKGROUND

Fannie Mae is a congressionally-chartered corporation that exists to provide liquidity and stability to the national mortgage market. *See* Compl. ¶¶ 22, 25, 30. Since 2008, Fannie Mae has been under FHFA's statutory conservatorship pursuant to HERA. *See* Compl. ¶ 65. Under HERA's comprehensive scheme governing Fannie Mae's conservatorship, Congress expressly transferred to FHFA "*all* rights, titles, powers, and privileges of" Fannie Mae, its officers and

directors, and its *stockholders* during conservatorship. 12 U.S.C. § 4617(b)(2)(A)(i) (emphasis added). Congress has also vested FHFA as Conservator with broad power to conduct, direct, and oversee all aspects of Fannie Mae's operations, activities, and affairs. *See id.* §§ 4617(b)(2)(B), (D). Congress expressly insulated FHFA in the conduct of the Conservatorship from judicial challenge and interference. *See id.* § 4617(f).

As a result of HERA's succession provision, Plaintiff does not hold the power, as a Fannie Mae stockholder, to inspect its corporate books and records. This is a shareholder power that HERA transferred to the Conservator. Despite this, on January 19, 2016, Plaintiff issued a shareholder inspection demand to Fannie Mae. His purported reason for his demand is to investigate, *inter alia*, potential "misconduct" and "violat[ions] [of] fiduciary duty" by Fannie Mae's Board, and "FHFA's and/or Treasury's aiding and abetting" of those breaches. Compl. ¶ 3; Compl., Ex. A. Plaintiff thus seeks, as a shareholder, to exercise the power to inspect, investigate, supervise, and challenge FHFA's operation of Fannie Mae as Conservator. By HERA's plain terms, Plaintiff lacks the right to do so, in any venue.

## ARGUMENT

### I. Plaintiff's Lack of Standing Also Presents A Threshold Issue of Jurisdiction, And There Is, In Any Event, No Requirement That The Court Address Subject Matter Jurisdiction First

Plaintiff argues that "[b]ecause the lack of [subject matter] jurisdiction itself precludes the court from asserting judicial power," this Court "must . . . resolve[]" his motion to remand "before [it] can take any further action" to resolve FHFA's motion to substitute. Pls. Br. in Supp. of Mot. to Remand (D.I. 11) 2 (citation omitted). Plaintiff's argument assumes incorrectly that FHFA's motion to substitute—which challenges Plaintiff's standing to prosecute this action—does not raise jurisdictional issues. *See id.* But clearly it does: it is axiomatic that if

Plaintiff lacks standing, then this Court lacks subject matter jurisdiction over Plaintiff's claims. *See, e.g.*, *Clouding IP, LLC v. Google Inc.*, 61 F.Supp.3d 421, 428 (D. Del. 2014) ("Standing must be present at the time the suit is brought. If a plaintiff lacks standing at that time, the Court lacks subject matter jurisdiction and the case must be dismissed pursuant to Rule 12(b)(1).") (internal quotation marks and citations omitted). Of course, it is Plaintiff's burden to demonstrate his standing. *Id.*

Because HERA effectively transferred whatever standing Plaintiff had to FHFA, Plaintiff will not be able to prove standing, or subject matter jurisdiction, and the motion to substitute FHFA as the only party with standing should be granted. *Cf. Hill v. Penn. Dep't of Corrections*, 521 F. App'x 39, 40-41 (3d Cir. 2013) (a party who does not "assert his or her own legal rights . . . lack[s] standing"). Logically, this issue should be resolved before Plaintiff's motion to remand; if Plaintiff has no standing, then he has no ability to seek remand.

Furthermore, even if Plaintiff's lack of standing does not present a jurisdictional issue, long-established Supreme Court precedent rejects Plaintiff's argument, holding instead that federal courts may appropriately choose among threshold non-merits grounds. For example, in *Ruhrgas AG v. Marathon Oil Co.*, the Supreme Court addressed—and rejected—the same argument Plaintiff makes here, holding that when a motion to remand is pending, the district court is *not* obligated to "accord[] priority to the requirement of subject-matter jurisdiction because it . . . delimits federal-court power." 526 U.S. 574, 583 (1999). Where the parties' filings raise other "threshold grounds for denying audience to [the] case on the merits," the district court may properly "choose among [those grounds]." *Id.* at 583-85.

The Supreme Court more recently reaffirmed federal courts' "leeway" in this regard in *Sinochem International v. Malaysia International Shipping*. 549 U.S. 422, 431 (2007). The

*Sinochem* Court held that a district court's disposal of an action pursuant to the *forum non conveniens* doctrine was proper even though the district court had not resolved a pending question of subject matter jurisdiction. *Id.* at 431. As the *Sinochem* Court explained, "judicial economy" was appropriately served by "bypassing questions of subject-matter . . . jurisdiction" to instead "take[] the less burdensome course" to resolve the case. *Id.* at 432, 436. And, because the *forum non conveniens* dismissal did not reach the merits of the plaintiff's claims—even if it "may [have] involve[d] a brush with 'factual and legal issues of the underlying dispute'"—the lower court's application of that doctrine was proper absent a subject matter jurisdiction determination. *Id.* at 426-34 (citation omitted). Multiple other decisions are in accord.[2]

Neither of the two cases Plaintiff cites undermine these binding precedents or their application here. The first, *Campbell v. Sussex County Federal Credit Union*, 2011 WL 2532403 (D. Del. June 24, 2011), addressed neither the ordering of threshold dispositive questions nor a motion to remand. *Id.* at * 2 (cited at Pls. Br. in Supp. of Mot. to Remand (D.I. 11) 2). And, the court in the second, *Coardes v. Chrysler Corp.*, 785 F. Supp. 480 (D. Del. 1992)—a decision which predates both *Ruhrgas* and *Sinochem*—was not presented with any threshold, potentially dispositive issue *except* for remand to state court for lack of federal subject matter jurisdiction. *See* 785 F. Supp. at 482 (cited at Pls. Br. in Supp. of Mot. to Remand (D.I. 11) 2). Accordingly, Plaintiff's references to passing statements from these cases about the "[l]ack of [subject matter]

[2] As one court observed, there are "an array of non-merits questions that . . may [be] decide[d] in any order" before addressing subject matter jurisdiction. *Galvan v. Fed. Prison Ind., Inc.*, 199 F.3d 461, 463 (D.C. Cir. 1999) ("Sovereign immunity questions clearly belong among the non-merits decisions that courts may address even where subject matter jurisdiction is uncertain"); *see, e.g., also Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (prudential standing properly decided without resolution of jurisdictional questions); *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 612 (1997) (class certification appropriate for threshold resolution without addressing subject matter jurisdiction); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999) ("[T]he class certification issues . . . pertain to statutory standing, which may properly be treated before Article III [concerns].").

jurisdiction . . . mak[ing] any decree in the case void" and "futile" are misplaced. Pls. Br. in Supp. of Mot. to Remand (D.I. 11) 2 (quoting *Coardes*, 785 F. Supp at 482). Nothing in these district court cases avoids application of the rule announced by the Supreme Court in *Ruhrgas* and *Sinochem*. And, as is explained below, FHFA's motion to substitute fits comfortably in these precedents.

## II. In This Case, The Straightforward Question FHFA's Motion To Substitute Presents Should Be Decided First

FHFA's motion to substitute asks the Court to decide that Plaintiff cannot proceed with this action because he does not hold the sole shareholder right he purports to assert. Multiple courts have determined that similar threshold inquiries about a shareholder plaintiff's standing to maintain an action are properly resolved before addressing questions of subject matter jurisdiction.

In *In re Facebook, Inc. IPO Derivative Litigation*, for example, the Second Circuit addressed a putative shareholder complaint dismissed by the district court "not based on any deficiency as to the merits of the allegations pleaded" but instead, on, "*inter alia*, [the shareholder-plaintiffs'] lack of standing to proceed in a derivative capacity [in the absence of] contemporaneous stock owner[ship]." 797 F.3d 148, 155-56 (2d Cir. 2015). The district court dismissed the complaint *without* resolving pending motions to remand, which asked "whether any of plaintiffs' claims necessarily raise[d] a federal question." *Id.* at 154. In affirming the dismissal, the Second Circuit noted that it was both "a proper exercise of judicial power—and good craft—to decide [the threshold] question" of shareholder standing instead of the "difficult or novel" subject matter jurisdiction inquiry. *Id.* at 157-58.

*Potter v. Hughes*, 546 F.3d 1051 (9th Cir. 2008) reflects a similar approach. There, the Ninth Circuit held that—despite "doubts about the foundation for federal question jurisdiction"

over a shareholder's complaint and expressly "tak[ing] no position on whether [the] complaint raises a sufficient federal question"—dismissal of the plaintiff's shareholder claims for lack of statutory standing was proper because whether the plaintiff had "satisfied the demand pleading requirements of Rule 23.1" was "a logical antecedent to federal jurisdictional questions." *Id.* at 1054-55 ("[U]nless we determine that a proper demand was made, there is no lawsuit over which to exercise jurisdiction.").[3]

The rationales of these cases, which follow the Supreme Court's direction from *Ruhrgas* and *Sinochem,* apply with full force here. FHFA's motion requires the Court only to decide whether HERA's unambiguous command transferring to FHFA as Conservator "all ***rights***, titles, ***powers***, and privileges of" Fannie Mae, its officers and directors, ***and "any stockholder"*** of Fannie Mae means that Plaintiff lacks the right to proceed with this action in the first place. 12 U.S.C. § 4617(b)(2)(A)(i) (emphases added). This "straightforward [threshold] issue" of Plaintiff's standing to proceed with this case at all "present[s] no complex question of state law"—FHFA's motion to substitute poses a question of *federal* law instead. *Ruhrgas,* 526 U.S. at 588. There is thus no risk of that motion's encroaching upon a state court's territory. *See id.* at 586-87. Nor does it require the Court to weigh in on "any deficiency as to the merits of allegations pleaded." *In re Facebook,* 797 F.3d at 156. Indeed, the motion to substitute presents a question that is "logically antecedent" to any need for a subject matter jurisdiction analysis. *Id.* at 156. If FHFA's motion is granted, then the Court will necessarily have concluded that

[3] The Third Circuit has long recognized the propriety of resolving logically antecedent, dispositive issues first even if "the existence of justiciability and subject matter jurisdiction are not free from doubt." *Georgine v. Amchem Prods., Inc.,* 83 F.3d 610, 623 (3d Cir. 1996), *aff'd sub nom Amchem Prods. Inc. v. Windsor,* 521 U.S. 591 (1997) (declining to reach questions of subject matter jurisdiction because they would not exist but for threshold class-action certification question).

Plaintiff "is no proper party" to bring a claim to demand inspection of Fannie Mae's books and records in the first place. *Id.* at 157.[4]

Moreover, the question posed by FHFA's motion to substitute is an uncomplicated one. Plaintiff repeatedly concedes that the only claim his complaint asserts is premised on a "right" of a stockholder to exercise the power to inspect Fannie Mae's books and records. *See* Pl's Opp. to FHFA Mot. to Substitute (D.I. 13) 1; *see also id.* at 14, 16, 17 n. 8. And, he admits that the power to inspect is afforded only to "stockholders" as a matter of law. *Id.* at 16 (citing 8 Del. C. § 220(b)) These concessions alone resolve this case. Indeed, Plaintiff goes so far as to agree that HERA's succession provision means that the Conservator holds "the pre-existing powers of Fannie Mae and its stockholders, Board and management with respect to Fannie Mae and its assets" and that pursuant to HERA "FHFA [as Conservator] stands in the shoes of Fannie Mae and its stockholders, Board and management" with respect to those rights and powers during conservatorship. Pls. Br. in Supp. of Mot. to Remand (D.I. 11) 8.

Plaintiff thus all but admits that he does not have standing to proceed with his claim—in any forum. Indeed, application of "HERA's plain language compels the conclusion that, as Conservator for Fannie Mae, ***only*** the FHFA has standing to pursue [shareholder rights and

---

4 To the extent Plaintiff may argue that FHFA's substitution motion raises a question that overlaps in some respect with "the merits of the case," that "does not mean that the preliminary inquiry is a decision *on the merits* that requires the court to first determine its own jurisdiction." *In re LimitNONE, LLC*, 551 F.3d 572, 578 (7th Cir. 2008) (emphasis added). Instead, a determination that the operative provisions of HERA bar Plaintiff from prosecuting his claim—which is what FHFA's motion seeks—"is not a determination of [Plaintiff's] claim, but rather a refusal to hear it." *Id.* at 577. For example, in *National Railroad Passenger Corp. v. National Association of Railroad Passengers*, the Court addressed a question of statutory interpretation to conclude that the relevant statute authorized only "certain types of suits," of which the plaintiffs' was not one. 414 U.S. 453, 457 (1974). Having done so, the Court observed that"[s]ince we hold that no right of action exists, questions of [subject matter] jurisdiction became immaterial." *Id.* at 465 n.13.

powers], and therefore its motion to substitute . . . must be granted immediately." *In re Fed. Nat'l Mortg. Ass'n Secs. Derivative & ERISA Litig.*, 629 F. Supp. 2d 1, 3 (D.D.C. 2009) (emphasis added).[5] As FHFA's reply in support of its motion to substitute explains in full, Plaintiff's efforts to oppose substitution in the face of HERA's unambiguously broad succession provision and his own concessions are meritless, and can be swiftly rejected. *See* FHFA Reply in Support of Mot. to Substitute (D.I. 15) 2-8; *see also* FHFA Mem. in Support of Mot. to Substitute (D.I. 9) 3-10.[6]

## III. Considerations Of Judicial Economy Counsel In Favor Of Resolving FHFA's Motion First

Finally, resolution of FHFA's motion to substitute is particularly appropriate in this case because it furthers judicial economy for both the "federal and state courts" and their "complementary systems for administering justice." *Ruhrgas,* 526 U.S. at 576; *see also Sinochem,* 549 U.S. at 422 ("considerations of convenience, fairness, and judicial economy" should guide a federal court's exercise of discretion in the ordering of threshold, dispositive issues for resolution).

---

[5] *See, e.g., also Kellmer v. Raines*, 674 F.3d 848, 851 (D.C. Cir. 2012) (HERA's succession provision means that "Congress . . . transferred everything it could to the conservator"); *In re Fed. Home Loan Mortg.*, 643 F. Supp. 2d at 795 ("[T]he plain meaning" of HERA's succession provision "is that ***all rights*** previously held by [Fannie Mae and] Freddie Mac's stockholders . . . now belong ***exclusively*** to the FHFA." (emphases added)).

[6] The Court may also resolve, as a threshold matter, whether 12 U.S.C. § 4617(f) bars Plaintiff from proceeding with his claim. *See* FHFA Motion to Substitute at 10. "Every circuit court to consider the issue has held that this provision strips courts of jurisdiction to hear challenges to the 'lawful exercise of FHFA's power as conservator.'" *Gail C. Sweeney Estate Marital Tr. v. U.S. Treasury Dep't,* 68 F. Supp. 3d 116, 125 (D.D.C. 2014) (quoting *Cnty. of Sonoma v. FHFA,* 710 F.3d 987, 990 (9th Cir. 2013)). Just as the Court may decide that Plaintiff lacks standing before addressing subject matter jurisdiction, so too can it resolve this case based on HERA's jurisdictional bar. *See, e.g., Tenet v. Doe,* 544 U.S. 1, 6 n.4 (2005) ("It would be inconsistent with the unique and categorical nature of . . . a rule designed not merely to defeat the asserted claims, but to preclude judicial inquiry—to first allow discovery or other proceedings in order to resolve the jurisdictional question.").

First, regardless of whether Plaintiff's action continues here or in the Delaware state courts, HERA compels the conclusion that Plaintiff cannot proceed to the merits of his claim because he does not hold during conservatorship the right to exercise the stockholder inspection power underlying it. Accordingly, both this Court and any Delaware court would be faced with the same question: whether federal statutory law deprives Plaintiff of standing to maintain his action. In instances like this, where a potential ground for disposing of a case "turns on federal . . . issues" and "removal is nonfrivolous," any risk of "federal intrusion into state courts' authority . . . is minimized. *Ruhrgas*, 526 U.S. at 586-87 (quoting *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F.2d 559, 566-567 (5th Cir. 1993)). This consideration compellingly counsels against the return of this case to state court simply to be disposed of there on the straightforward, threshold federal law grounds that the parties have already fully briefed in this federal forum.

Further, this Court is already considering application of 12 U.S.C. § 4617(b)(2)(A) in related litigation brought by stockholders of Fannie Mae, *Jacobs v. The Federal Housing Finance Agency*, C.A. No. 15-708-GMS. As a result, even if this case were remanded to the state court, this Court (in *Jacobs*) would still be faced with questions about HERA's succession provision. And, the Court would resolve those questions simultaneously with the state court's resolution of the overlapping questions about HERA's succession provision here. Judicial economy also counsels against such parallel efforts. Where, as here, the disputed federal issues can be resolved in one court, efficiency and simple logic compel the conclusion that FHFA's earlier-filed motion to substitute should be decided by this Court before any resolution of Plaintiff's potentially moot motion to remand.

## CONCLUSION

For the reasons stated above, the Court should address FHFA's motion to substitute before addressing Plaintiff's motion to remand. Doing so will avoid the need to dedicate judicial resources to resolution of Plaintiff's motion to remand, and will ensure that the questions of federal law requiring FHFA's substitution for Plaintiff are resolved expediently and appropriately.

Dated: August 18, 2016

Respectfully submitted,

*/s/ Robert J. Stearn, Jr.*

Robert J. Stearn, Jr. (DE Bar No. 2915)
Robert C. Maddox (DE Bar No. 5356)
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801
(302) 651-7700
stearn@rlf.com

Howard N. Cayne
Asim Varma
David Bergman
Arnold & Porter LLP
601 Massachusetts Avenue
Washington, DC 20001
(202) 942-5000
Howard.Cayne@aporter.com

*Attorneys for the Federal Housing Finance Agency*