IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIMOTHY J. PAGLIARA,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Defendant. | C.A. No. 16-193-GMS |

**PLAINTIFF TIMOTHY J. PAGLIARA'S**
**REPLY BRIEF IN SUPPORT OF MOTION TO REMAND**
**AND IN RESPONSE TO FANNIE MAE'S OPPOSITION**


YOUNG CONAWAY STARGATT
& TAYLOR, LLP

C. Barr Flinn (No. 4092)
Adam W. Poff (No. 3990)
Emily V. Burton (No. 5142)
Lakshmi A. Muthu (No. 5786)
Gregory J. Brodzik (No. 5722)
Rodney Square
1000 N. King Street
Wilmington, DE 19801-0391
Telephone: (302) 571-6692
*bflinn@ycst.com*
*apoff@ycst.com*
*eburton@ycst.com*
*lmuthu@ycst.com*
*gbrodzik@ycst.com*

*Attorneys for Plaintiff*
*Timothy J. Pagliara*

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. THIS COURT WOULD LACK FEDERAL QUESTION JURISDICTION EVEN IF FANNIE MAE WERE GOVERNED BY ONLY FEDERAL LAW. ..... 2

B. THIS COURT DOES NOT HAVE FEDERAL QUESTION JURISDICTION UNDER THE COMPLETE PREEMPTION DOCTRINE. ..... 4

C. THIS COURT DOES NOT HAVE FEDERAL QUESTION JURISDICTION UNDER THE EMBEDDED FEDERAL QUESTION DOCTRINE. ..... 7

III. CONCLUSION ..... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*,
876 F.2d 1157 (5th Cir. 1989) ....................5

*Alessi v. Beracha*,
244 F. Supp. 2d 354 (D. Del. 2003) ....................3

*Altman v. Bayer Corp.*,
125 F. Supp. 2d 666 (S.D.N.Y. 2000) ....................10

*Avco Corp. v. Aero Lodge No. 735*,
390 U.S. 557 (1968) ....................5

*Bank of Am., N.A. v. Richards*,
2010 WL 1525728 (N.D. Cal. Apr. 15, 2010) ....................10

*Beneficial Nat'l Bank v. Anderson*,
539 U.S. 1 (2003) ....................5

*Caterpillar, Inc. v. Williams*,
482 U.S. 386 (1987) ....................1, 3

*Dawson v. Ciba-Geigy Corp., USA*,
145 F. Supp. 2d 565 (D.N.J. 2001) ....................5

*Dukes v. U.S. Healthcare*,
57 F.3d 350 (3d Cir. 1995) ....................4

*Fed. Nat'l Mortg. Ass'n v. Palmer*,
2011 WL 5910062 (D. Idaho Nov. 28, 2011) ....................6, 10

*Frederic G. Krapf & Son, Inc. v. Gorson*,
243 A.2d 713 (Del. 1968) ....................3

*Goepel v. Nat'l Postal Mail Handlers Union*,
36 F.3d 306 (3d Cir. 1994) ....................4

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
545 U.S. 308 (2005) ....................7

*Greenawalt v. Philip Rosenau Co.*,
471 F. Supp. 2d 531 (E.D. Pa. 2007) ....................5

*Guckin v. Nagle*,
259 F. Supp. 2d 406 (E.D. Pa. 2003) ....................5

*Gunn v. Minton*,
133 S. Ct. 1059 (2013) ..... 8

*Iza Music Corp. v. W & K Music Corp.*,
995 F. Supp. 417 (S.D.N.Y. 1998) ..... 10

*Jalil v. Avdel Corp.*,
873 F.2d 701 (3d Cir. 1989) ..... 9

*La. Mun. Police Emps. Ret. Sys. v. Countrywide Fin. Corp.*,
2007 WL 2896540 (Del. Ch. Oct. 2, 2007) ..... 9

*Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*,
772 F.3d 158 (3d Cir. 2014), *aff'd*, 136 S. Ct. 1562 (2016) ..... 8

*Metro. Life Ins. Co. v. Taylor*,
481 U.S. 58 (1987) ..... 5

*MHA LLC v. HealthFirst, Inc.*,
629 F. App'x 409 (3d Cir. 2012) ..... 7

*Mints v. Educ. Testing Serv.*,
99 F.3d 1253 (3d Cir. 1996) ..... 3

*Mitchell v. Osceola Farms Co.*,
408 F. Supp. 2d 1275 (S.D. Fla. 2005) ..... 8

*New Jersey Dept. of Envtl. Prot. v. Occidental Chem. Corp.*,
2006 WL 2806231 (D.N.J. Sept. 28, 2006) ..... 6

*Newmark Pioneer, LLC v. Data Trace Info. Sols., LLC*,
2012 WL 1854093 (D.N.J. May 21, 2012) ..... 5, 9

*Nicodemus v. Union Pac. Corp.*,
440 F.3d 1227 (10th Cir. 2006) ..... 8

*Ostrow v. Bonney Forge Corp.*,
1994 WL 114807 (Del. Ch. Apr. 6, 1994) ..... 9

*Pagliara v. Fed. Home Loan Mortg. Corp.*,
2016 WL 4441978 (E.D. Va. Aug. 23, 2016) ..... 2

*Rogers v. Tyson Foods, Inc.*,
308 F.3d 785 (7th Cir. 2002) ..... 5

*Ry. Labor Execs. Ass'n v. Pittsburgh & Lake Erie R.R. Co.*,
858 F.2d 936 (3d Cir. 1988) ..... 6

*Sanderson, Thompson, Ratledge & Zimny v. AWACS, Inc.*,
958 F. Supp. 947 (D. Del. 1997) .......... 3, 4

*Siegman v. Palomar Med. Techs., Inc.*,
1998 WL 118201 (Del. Ch. Mar. 9, 1998) .......... 3

*Smith v. Kansas City Title & Tr. Co.*,
255 U.S. 180 (1921) .......... 7

*St. Joe Co. v. Transocean Offshore Deepwater Drilling, Inc.*,
774 F. Supp. 2d 596 (D. Del. 2011) .......... 3

*Wax v. Riverview Cemetery Co.*,
24 A.2d 431 (Del. Super. 1942) .......... 3

*Weiss v. Anderson*,
1986 WL 5970 (Del. Ch. May 22, 1986) .......... 9

**STATUTES**

12 U.S.C. § 4617(b)(2)(a)(1) .......... 10

**OTHER AUTHORITIES**

15 Moore's Federal Practice § 103.45[2] (3d Ed.) .......... 4

## I. INTRODUCTION[1]

Under the well-pleaded complaint rule, a plaintiff is the master of his complaint. When he pleads only a state law claim, federal question jurisdiction does not exist and removal to federal court is improper. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, the Stockholder brings a single claim for books and records pursuant to Section 220 of the Delaware General Corporation Law. The claim asserted arises only under Delaware law. Fannie Mae does not dispute that, under the well-pleaded complaint rule, federal defenses do not provide federal jurisdiction. As Fannie Mae's argument for federal jurisdiction is based solely upon defenses, the Action should be summarily remanded to the Delaware Court of Chancery.

There is no merit to Fannie Mae's effort to recast its federal defenses as grounds for federal jurisdiction. *First*, Fannie Mae argues that, because it is a federally chartered entity, the Stockholder's Section 220 claim arises from federal law.[2] (FNMA Opp. at 8.) This argument is a red herring; it does not change the fact that the Stockholder has pled his claim under Delaware law. Courts have uniformly rejected federal jurisdiction premised on arguments that a claim pled under state law is governed by federal law, absent complete preemption.

*Second*, Fannie Mae asserts that federal law completely preempts the Section 220 claim. Under the complete preemption doctrine, if federal law provides for an exclusive federal cause of

---

[1] Unless otherwise stated, capitalized terms used herein shall have the meaning ascribed to them in Plaintiff Timothy J. Pagliara's Opening Brief in Support of His Motion to Remand to the Delaware Court of Chancery. (D.I. 11.) Defendant Federal National Mortgage Association's Response Brief Opposing Plaintiff's Motion to Remand (D.I. 17) shall be cited herein as "FNMA Opp."

[2] Fannie Mae's argument ignores Fannie Mae's bylaw election to be governed by Delaware law, except to the extent inconsistent with federal law. Elsewhere in its brief, Fannie Mae concedes that its corporate governance is controlled by Delaware law with respect to "any gaps in its corporate governance and indemnification practices not addressed by federal law[.]" (FNMA Opp. at 3.) Federal law does not address Fannie Mae's stockholders' inspection rights. Even under Fannie Mae's formulation, those rights, therefore, are governed by Delaware law.

action and a claim pled under state law falls within the scope of the exclusive federal cause of action, the state law claim will be re-characterized as federal and will confer federal jurisdiction. The doctrine does not apply here because there is no alternative exclusive federal cause of action for a Section 220 claim. Fannie Mae does not suggest otherwise. Instead, Fannie Mae argues that the Stockholder's claim is *barred* by HERA – a federal defense, not a federal claim.[3]

*Finally*, Fannie Mae asserts that the Stockholder's Section 220 claim contains an embedded federal question. Under the embedded federal question doctrine, if an essential element of a state law claim relies upon federal law, the claim will confer federal jurisdiction. This doctrine does not apply because no element of a Section 220 claim relies upon federal law. Fannie Mae again simply argues that HERA *bars* the Stockholder's claim. As this Court lacks federal jurisdiction, it is for the Delaware Court of Chancery to consider the merits of Fannie Mae's federal defenses.[4]

## II. ARGUMENT

### A. THIS COURT WOULD LACK FEDERAL QUESTION JURISDICTION EVEN IF FANNIE MAE WERE GOVERNED BY ONLY FEDERAL LAW.

There is no merit to Fannie Mae's contention that this Court has federal question jurisdiction because Fannie Mae is federally chartered. (*See* FNMA Opp. at 6-8.) Even if Fannie Mae's federal charter meant that Fannie Mae's corporate governance was controlled by

---

[3] In a procedurally improper brief filed in opposition to the Motion to Remand, non-party FHFA asks the Court to resolve this case by addressing this defense, without first determining whether the Court has subject matter jurisdiction. There is no procedural or substantive merit to this request as the Stockholder will make clear in his separate brief in response to FHFA's brief.

[4] In the Stockholder's books and records action against Freddie Mac, the United States District Court for the Eastern District of Virginia recently accepted Fannie Mae's defense under HERA's succession provision. *See Pagliara v. Fed. Home Loan Mortg. Corp.*, 2016 WL 4441978 (E.D. Va. Aug. 23, 2016). The Stockholder expects the United States Court of Appeals for the District of Columbia Circuit to find to the contrary imminently in *Perry Capital LLC v. Lew*, No. 14-5243. As this Court lacks federal jurisdiction, it is for the Delaware Court of Chancery to decide the effect of such decisions in this case.

federal law (and it does not), the Complaint asserts a claim under only Delaware law—a claim for books and records under Section 220 of the DGCL.[5] For jurisdictional purposes, the only claim that matters is the claim pled, absent complete preemption, addressed below. As the Supreme Court explained in *Caterpillar, Inc. v. Williams*, the well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." 482 U.S. at 392 (citations omitted).[6]

Absent complete preemption, federal courts uniformly reject arguments that federal question jurisdiction exists over claims pled under state law, regardless of whether the claims are ultimately held to be governed by federal law. *See, e.g.*, *St. Joe Co. v. Transocean Offshore Deepwater Drilling, Inc.*, 774 F. Supp. 2d 596, 603 (D. Del. 2011) ("No federal question is created by asserting that the state law on which a complaint is based has been preempted by federal law"); *Sanderson, Thompson, Ratledge & Zimny v. AWACS, Inc.*, 958 F. Supp. 947, 957

---

[5] It does not matter for jurisdictional purposes whether Delaware law governs the Stockholder's inspection rights because Fannie Mae is a Delaware corporation or because Fannie Mae's bylaws adopt Delaware law. Nonetheless, the evidence indicates that Fannie Mae is incorporated in Delaware. *See* Letter to J. Kilduff from B. Flinn (Aug. 11, 2016) (Ex. A to Declaration of Adam W. Poff in Support of Plaintiff Timothy J. Pagliara's Reply Brief in Support of Motion to Remand and In Response to Fannie Mae's Opposition ("Declaration")); *Frederic G. Krapf & Son, Inc. v. Gorson*, 243 A.2d 713 (Del. 1968) (finding that a void corporation continued to exist because "failure to pay franchise taxes is an issue solely between the corporation and the State"); *Wax v. Riverview Cemetery Co.*, 24 A.2d 431, 436-37 (Del. Super. 1942) (same); *Siegman v. Palomar Med. Techs., Inc.*, 1998 WL 118201, at *5 n.13 (Del. Ch. Mar. 9, 1998) (finding that the corporation existed despite an error in the certificate of incorporation).

[6] *See also Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1255-56 (3d Cir. 1996) ("[T]he plaintiff is the master of the complaint and 'may, by eschewing claims based on federal law, choose to have the cause heard in state court.'") (quoting *Caterpillar, Inc.*, 482 U.S. at 399); *Alessi v. Beracha*, 244 F. Supp. 2d 354, 356 (D. Del. 2003) ("[A] defendant may not remove a state law claim, even on federal preemption grounds, if the plaintiff pleads only state law claims.").

(D. Del. 1997) ("Ordinary preemption is generally a federal defense to a plaintiff's suit, and, under the well-pleaded complaint rule, does not provide a basis for federal question jurisdiction.").

Fannie Mae's first argument also lacks merit because it would require the Court to determine whether HERA eliminated the Stockholder's pre-conservatorship inspection rights in Fannie Mae, before determining whether the Court has jurisdiction to do so.[7]

### B. THIS COURT DOES NOT HAVE FEDERAL QUESTION JURISDICTION UNDER THE COMPLETE PREEMPTION DOCTRINE.

There also is no merit to Fannie Mae's contention that the Court has federal question jurisdiction under the complete preemption doctrine. (FNMA Opp. at 9.) The complete preemption doctrine is a narrow exception to the well-pleaded complaint rule. *Dukes v. U.S. Healthcare*, 57 F.3d 350, 355 (3d Cir. 1995). Under the complete preemption doctrine, the Court may exercise federal question jurisdiction over a claim pled under state law if the claim has been completely preempted by an alternative federal claim, with the result that the Court would be exercising jurisdiction over the federal claim. *See, e.g., Goepel v. Nat'l Postal Mail Handlers Union*, 36 F.3d 306, 311 (3d Cir. 1994) (The complete preemption doctrine applies only if "the [federal] statute relied upon by the defendant as preemptive contains civil enforcement provisions within the scope of which the plaintiff's state claim falls.") (quoting *Ry. Labor Execs. Ass'n v. Pittsburgh & Lake Erie R.R. Co.*, 858 F.2d 936, 942 (3d Cir. 1988); *Sanderson*, 958 F. Supp. at 954 (same); 15 Moore's Federal Practice § 103.45[2] (3d Ed.) (same).[8]

---

[7] The Stockholder's brief in response to FHFA's opposition to the Motion to Remand will address the law requiring the Court to resolve jurisdictional issues prior to other issues. (*See also* Plaintiff Timothy J. Pagliara's Opening Brief in Support of His Motion to Remand to the Delaware Court of Chancery ("Op. Remand Br.") at 2 (Aug. 1, 2016) (D.I. 10).)

[8] The Supreme Court has applied the complete preemption doctrine in only three circumstances: (i) claims alleging a breach of a collective bargaining agreement that fall under

The complete preemption doctrine has no application here because, as Fannie Mae does not dispute, there is no alternative federal claim for inspection over which the Court might exercise federal jurisdiction. *See, e.g.*, *Greenawalt v. Philip Rosenau Co.*, 471 F. Supp. 2d 531, 534 (E.D. Pa. 2007) ("[The Federal Hazardous Substances Act] has no private right of action and thus provides no civil enforcement mechanism as required by *Goepel* for complete preemption."); *Dawson v. Ciba-Geigy Corp., USA*, 145 F. Supp. 2d 565, 570 (D.N.J. 2001) (No federal jurisdiction under complete preemption doctrine where the Federal Food, Drug, and Cosmetic Act "contain[ed] no private civil enforcement provisions"); *Newmark Pioneer, LLC v. Data Trace Info. Sols., LLC*, 2012 WL 1854093, at *4 (D.N.J. May 21, 2012) ("Defendants' contention that no federal private cause of action exists for Plaintiffs to pursue their claims precludes any viability of the complete preemption exception[.]").

Contrary to the requirements for the complete preemption exception, Fannie Mae contends that the Stockholder's claim has been *barred* by federal law. In similar circumstances, courts have uniformly found no federal question jurisdiction. *See, e.g.*, *Guckin v. Nagle*, 259 F. Supp. 2d 406, 413-15 (E.D. Pa. 2003) (No federal question jurisdiction under complete preemption theory where defendant argued that the Food, Drug and Cosmetic Act "preempts, i.e., precludes, plaintiff from recovering under her state law theories.").[9] The determination of

§ 301 of the Labor Management Relations Act; (ii) claims for benefits or enforcement of rights that fall under the Employee Retirement Income Security Act; and (iii) claims for usury against a national bank that fall under the National Bank Act. *See Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003). In each circumstance, the federal statute provides a private cause of action over which the federal court may properly exercise jurisdiction.

[9] *See also Rogers v. Tyson Foods, Inc.*, 308 F.3d 785, 788, 790-91 (7th Cir. 2002) (rejecting complete preemption theory where defendant "contend[ed] that the [Poultry Products Inspection Act] expressly denies plaintiffs' [Illinois law] cause of action" but "the PPIA provide[d] no private right of action"); *Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157, 1159, 1164-65 (5th Cir. 1989) (rejecting complete preemption theory where

whether the Stockholder's Section 220 claim is barred by federal law is for the state court to make. *See, e.g.*, *Ry. Labor Execs.*, 858 F.2d at 942 ("State courts are competent to determine whether state law has been preempted by federal law and they must be permitted to perform that function in cases brought before them, absent a Congressional intent to the contrary."); *New Jersey Dept. of Envtl. Prot. v. Occidental Chem. Corp.*, 2006 WL 2806231, at *10 (D.N.J. Sept. 28, 2006) ("While Defendants may ultimately prevail on the issue of whether [federal statute] preempts Plaintiffs' state law claims, '[t]hat issue must be left for determination by the state court on remand.'").

In a different case, Fannie Mae itself successfully argued that "[l]acking any federal question on its face, Fannie Mae's complaint cannot be removed for federal question jurisdiction. This is true no matter what Defendants intend to claim in any future answer or counterclaim." (Memorandum in Support of Motion to Remand at 6, *Fed. Nat'l Mortg. Ass'n v. Palmer*, C.A. No. 1:11-cv-00238-EJL-CWD (D. Idaho July 12, 2011) (Ex. B to Declaration).) In *Palmer*, the defendants claimed, *inter alia*, that HERA's succession provision deprived Fannie Mae of standing to pursue its state law claims, creating federal jurisdiction. (*See* Memorandum in Opposition to Motion to Remand at 5-6, *Palmer*, C.A. No. 1:11-cv-00238-EJL-CWD (Aug. 2, 2011) (Ex. C to Declaration).) Fannie Mae cannot be taken seriously when making an argument to this Court that it previously convinced another court was meritless. *See Fed. Nat'l Mortg. Ass'n v. Palmer*, 2011 WL 5910062, at *2 (D. Idaho Nov. 28, 2011).

---

defendants argued that the Longshore and Harbor Workers' Compensation Act "expressly den[ies]" plaintiffs' state law tort claim and the federal statute did not contain a "specific federal cause of action").

## C. THIS COURT DOES NOT HAVE FEDERAL QUESTION JURISDICTION UNDER THE EMBEDDED FEDERAL QUESTION DOCTRINE.

Finally, there is no merit to Fannie Mae's contention that the Court has federal question jurisdiction under the embedded federal question doctrine. (FNMA Opp. at 10.) Under the embedded federal question doctrine, if other requirements are satisfied, the Court may exercise federal question jurisdiction over a claim that is created by state law only if federal law is an essential element of the state law claim. *MHA LLC v. HealthFirst, Inc.*, 629 F. App'x 409, 412-13 (3d Cir. 2012) (noting that embedded federal question jurisdiction may exist over a state law claim only where "an element of the state law claim requires construction of federal law").

In the classic example of embedded federal question doctrine, *Smith v. Kansas City Title & Trust Company*, 255 U.S. 180 (1921), the Supreme Court found federal question jurisdiction over a claim alleging that a trust's investments in bonds would violate state law. It found federal question jurisdiction because the sole basis for plaintiff's claimed violation was that the congressional acts under which the bonds were issued "were beyond the constitutional power of Congress[.]" *Id.* at 195. The plaintiff could not prevail on its claim in the absence of the federal law.

Similarly, in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), cited by Fannie Mae, the Supreme Court found embedded federal question jurisdiction over a state law quiet title claim alleging that the plaintiff retained title to the property under state law because the property was seized in violation of a federal statute. 545 U.S. at 309-11 ("Grable brought a quiet title action in state court, claiming that Darue's record title was invalid because the IRS had failed to notify Grable of its seizure of the property in the exact manner required by [26 U.S.C.] § 6335(a) . . . ."). The *Grable* plaintiff

could not prevail absent 26 U.S.C. § 6335(a).[10] Fannie Mae cites no authority in which the embedded federal question doctrine provided federal jurisdiction when the plaintiff's claim, like the Stockholder's Section 220 claim, did not expressly invoke federal law. No such authority exists.

The embedded federal question doctrine has no application to the Stockholder's Section 220 claim because all the elements of a Section 220 claim are governed by Delaware law. *See Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014) (No federal question jurisdiction where the federal law was "not an element" of any of plaintiffs' state law claims, which "therefore[] could be decided without reference to federal law."), *aff'd*, 136 S. Ct. 1562 (2016).[11] The Stockholder obviously could prove his entitlement to inspection even if the federal law posited by Fannie Mae, HERA, did not exist. Fannie Mae presents HERA only as barring the claim and therefore as a defense to the claim. As previously explained, a federal defense does not confer federal question jurisdiction over a claim sounding in state law. (Op. Remand Br. at 18.)

Contrary to Fannie Mae's contention, its federal defenses to the standing and proper purpose elements of the Stockholder's Section 220 claim do not confer embedded federal question jurisdiction. Both elements are governed by Delaware law, and neither requires the existence of federal law. The Stockholder may prevail on the elements without reference to any

---

10 *See also, e.g., Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1233-37 (10th Cir. 2006) (finding embedded federal jurisdiction over state law claims for trespass and unjust enrichment where the claims alleged misuse of rights-of-way defined by federal land grant statutes); *Mitchell v. Osceola Farms Co.*, 408 F. Supp. 2d 1275, 1277-80 (S.D. Fla. 2005) (Embedded federal jurisdiction existed in breach of contract action where plaintiffs alleged that defendants' failure to comply with federal regulations breached the contract.).

11 *See also Gunn v. Minton*, 133 S. Ct. 1059, 1066 (2013) ("[W]e are comfortable concluding that state legal malpractice claims based on underlying patent matters will rarely, if ever, arise under federal patent law[.]").

federal law.[12] For example, the Stockholder's standing requirement is determined by Section 220.[13] The Stockholder may establish such standing without reference to any federal law.[14]

Fannie Mae's contention that questions related to its HERA defenses create federal jurisdiction (FNMA Op. at 15-16) proves too much. The parties will have a potentially dispositive dispute over federal law anytime a defense sounding in federal law is raised; yet a federal law defense does not give rise to federal question jurisdiction. When a defendant has asserted a federal defense to state law standing, the federal courts have uniformly found federal jurisdiction lacking.[15] *See, e.g., Newmark Pioneer, LLC*, 2012 WL 1854093, at *4 ("Defendants' preemption and standing arguments are mere defenses to Plaintiffs' state law claims, and do not create federal subject matter jurisdiction in the face of Plaintiffs' well-pleaded complaint.")

---

[12] Fannie Mae's claim that the Stockholder must disprove Fannie Mae's HERA defense to establish a *prima facie* case is obviously wrong. Disproving defenses is no part of a plaintiff's *prima facie* case. *See, e.g., Jalil v. Avdel Corp.*, 873 F.2d 701, 707 (3d Cir. 1989) (A defense "plainly is not something the plaintiff must disprove" to establish a *prima facie* case.).

[13] Fannie Mae incorrectly cites federal standing cases as if they were applicable to the Stockholder's claim and somehow transformed the standing requirement for the Stockholder's claim into a federal element, thereby providing federal jurisdiction. (FNMA Opp. at 12-14.) The Stockholder asserted state law claims in state court and therefore is subject only to state law standing requirements. If the removal to federal court invoked federal standing requirements sufficient to provide federal jurisdiction, there would be federal jurisdiction in every case.

[14] The "proper purpose" element is also governed by state law. Fannie Mae's exclusive reliance on Delaware cases in describing the proper purpose requirement confirms as much. All of the Stockholder's purposes – to investigate misconduct, value the Stockholder's stock of Fannie Mae and confer with Fannie Mae and its other stockholders – are proper under Delaware law. *See La. Mun. Police Emps. Ret. Sys. v. Countrywide Fin. Corp.*, 2007 WL 2896540, at *10 (Del. Ch. Oct. 2, 2007) (investigating mismanagement, waste or wrongdoing is a proper purpose); *Ostrow v. Bonney Forge Corp.*, 1994 WL 114807, at *11 (Del. Ch. Apr. 6, 1994) (valuation of shares is a proper purpose); *Weiss v. Anderson*, 1986 WL 5970, at *2 (Del. Ch. May 22, 1986) (communicating with fellow shareholders is a proper purpose). Fannie Mae's defense that the Stockholder supposedly lacks rights under Section 220, due to federal law, does not confer federal jurisdiction under the uniform authority cited in the text.

[15] As the Stockholder will explain it its response to FHFA's opposition to the Motion to Remand, Fannie Mae's supposed "standing" defense does not even address an actual standing issue, but rather addresses a merits issue.

(citing *Caterpillar*, 482 U.S. at 399); *see also Altman v. Bayer Corp.*, 125 F. Supp. 2d 666, 673 (S.D.N.Y. 2000) (Even where a plaintiff "could not prove injury-in-fact[,]" a predicate to standing, without invoking federal law, the state-law claims asserted "did not 'arise under'" federal law.); *Iza Music Corp. v. W & K Music Corp.*, 995 F. Supp. 417, 418 (S.D.N.Y. 1998) ("Nor is jurisdiction conferred by [the] contention that a determination of the validity of the written assignments on which their standing is based will involve construction of [a federal statute . . . because] this issue will arise, if at all, only if raised as a defense to the allegations of the complaint[.]"); *Bank of Am., N.A. v. Richards*, 2010 WL 1525728, at *1 (N.D. Cal. Apr. 15, 2010) (Defendants' lack of standing argument "do[es] not accord this Court federal jurisdiction[.]")

In the previously-described *Palmer* case, Fannie Mae successfully argued that defendants making substantially the same *standing* argument that Fannie Mae makes here were *wrong*. In *Palmer*, Fannie Mae asserted that the defendants' argument that Fannie Mae lacked standing because its claims had been transferred to FHFA under HERA's succession provision did not create federal jurisdiction. *Palmer*, 2011 WL 5910062, at *3 (explaining that defendants' "arguments based upon 12 U.S.C. § 4617(b)(2)(a)(1) are asserted as defenses predicated on the [defendants'] assertion that Fannie Mae lacks standing" and holding that 12 U.S.C. § 4617(b)(2)(a)(1) "does not provide an independent basis for invoking federal question jurisdiction"), *as amended* (Nov. 29, 2011). Again, Fannie Mae's arguments fail on the merits and cannot be taken seriously when they are the converse of what Fannie Mae previously argued with success.

## III. CONCLUSION

For the foregoing reasons, the Stockholder respectfully asks that the Motion to Remand be granted.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ C. Barr Flinn*


C. Barr Flinn (No. 4092)
Adam W. Poff (No. 3990)
Emily V. Burton (No. 5142)
Lakshmi A. Muthu (No. 5786)
Gregory J. Brodzik (No. 5722)
Rodney Square
1000 N. King Street
Wilmington, DE 19801-0391
Telephone: (302) 571-6692
*bflinn@ycst.com*
*apoff@ycst.com*
*eburton@ycst.com*
*lmuthu@ycst.com*
*gbrodzik@ycst.com*


DATED: September 1, 2016

*Attorneys for Plaintiff Timothy J. Pagliara*

## CERTIFICATE OF SERVICE

I, C. Barr Flinn, hereby certify that on September 1, 2016, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

S. Mark Hurd, Esquire
Zi-Xiang Shen, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
*shurd@mnat.com*
*zshen@mnat.com*

*Attorneys for Defendant Federal National Mortgage Association*

Robert J. Stearn, Jr., Esquire
Robert C. Maddox, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
*stearn@rlf.com*
*maddox@rlf.com*

*Attorneys for Federal Housing Finance Agency*

I further certify that on September 1, 2016, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following:

Jeffrey W. Kilduff, Esquire
Michael Walsh, Esquire
O'Melveny & Myers LLP
1626 Eye Street, N.W.
Washington, DC 20006-4001
*jkilduff@omm.com*
*mwalsh@omm.com*

*Attorneys for Defendant Federal National Mortgage Association*

Howard N. Cayne, Esquire
Asim Varma, Esquire
David Bergman, esquire
Arnold & Porter LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
*howard.cayne@aporter.com*
*asim.varma@aporter.com*
*david.bergman@aporter.com*

*Attorneys for Federal Housing Finance Agency*

Dated: September 1, 2016

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ C. Barr Flinn*
C. Barr Flinn (No. 4092)
Adam W. Poff (No. 3990)
Lakshmi A. Muthu (No. 5786)
Gregory J. Brodzik (No. 5722)
Rodney Square
1000 North King Street
Wilmington, DE 19801-0391
(302) 571-6692
*bflinn@ycst.com*
*apoff@ycst.com*
*lmuthu@ycst.com*
*gbrodzik@ycst.com*

*Attorneys for Plaintiff Timothy J. Pagliara*